IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IVORY JOE TISDALE,                )
                                  )
                Plaintiff,        )
                                  )
        v.                        )        1:21CV913
                                  )
T.A. WEAVIL, et al.,              )
                                  )
                Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Guilford County Detention Center who faces state charges and was previously convicted in this Court in case 1:20CR209-1, submitted a *pro se* complaint under 42 U.S.C. § 1983 together with the $402.00 filing fee. Plaintiff names ten members of the Guilford County Sheriff's Office as Defendants in the case based on their involvement with the procurement of two search warrants and/or the execution of those warrants.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint, Defendant T.A. Weavil, a detective with the Guilford County Sheriff's Department, obtained warrants for a residence at 1017 Moody Street and a business at 3700 Spring Garden Street in Greensboro, North Carolina. (Complaint [Doc. #1] at 14.)[2] The Complaint alleges that Defendant Weavil committed perjury and showed

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

[2] All page citations refer to the page numbers listed in the footer displayed on the documents in this Court's electronic case filing database.

reckless disregard for the truth in procuring those warrants.  (Id. at 19-20.)  All of the Defendants then participated in serving the warrants on the listed addresses and arresting Plaintiff during the search at the Moody Street location.  (Id. at 21-22.)  Plaintiff claims that the searches violated his rights, humiliated him, inflicted mental anguish, caused him to lose his business and wife, resulted in his loss of liberty, and subjected him to malicious prosecution.  (Id. at 22.)

Regarding Defendants other than Defendant Weavil, the Complaint fails to state any claim for relief because it does not allege that those Defendants participated in or were even aware of Defendant Weavil's alleged misconduct in procuring the warrants.  Instead, it only makes conclusory and unsupported statements that they somehow should have known that the warrants were invalid.  (Id. at 14-18.) The Complaint attaches the warrant and application for the Moody Street address.  The application contains ample support for the issuance of the warrant, including discussing controlled buys of cocaine from Plaintiff using informants, evidence collected from garbage, and video surveillance.  (Id. at 31-34.) It also states that Plaintiff was at the Spring Garden address for multiple controlled purchases of cocaine.  (Id. at 33.)  The Complaint alleges that most of these statements were falsifications by Defendant Weavil, but again it does not contend that any other Defendants knew of the alleged falsifications.  Therefore, any Defendants other than Defendant Weavil had no way to know of any alleged problems with the warrants and the Complaint states no claim for relief against them.

3

Further, as to the claims against both Defendant Weavil and the other Defendants, the Complaint attacks the warrants used to search at the Moody Street and Spring Garden Street locations. The Court's own records in Plaintiff's criminal case indicate that these searches resulted in the recovery of cocaine and a firearm at the Moody Street location and in Plaintiff's arrest there. (See Presentence Report [Case No. 1:20CR209, Doc. #135], ¶¶ 7-9.) Plaintiff also fired shots at officers during the initiation of the search. (Id., ¶ 5.) The evidence from the search and the events surrounding it provided the basis for the criminal case in this Court in which Plaintiff pled guilty to charges of possession with intent to distribute cocaine and discharging a firearm during and in relation to a drug-trafficking crime. Therefore, Plaintiff's Complaint in the present case attempts to undermine his convictions in this Court. He cannot do this without first showing that the convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, in fact, his convictions remain valid and are currently on direct appeal with the United States Court of Appeals for the Fourth Circuit. The Complaint is barred by Heck, Plaintiff cannot receive relief at this time, and this entire action should be dismissed for that reason.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 13th day of January, 2022.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge